IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**TEX B. SIMMONS,**

        Petitioner,

v.                                        Civil Action No. 3:17-CV-3
                                                         (GROH)

**KAREN PSZCZOLKOWSKI, Warden,**
Northern Correctional Facility, and
**PATRICK MORRISEY, Attorney General**
for the State of West Virginia,

        Respondents.

## REPORT AND RECOMMENDATION

### I.  Introduction

On January 6, 2017, Petitioner, by counsel, filed a Petition for a Writ of Habeas Corpus against Respondents Karen Pszczolkowski and Patrick Morrisey, pursuant to 28 U.S.C. § 2254.  ECF No. 1.  Following the entry of a June 20, 2017 order to show cause entered by Magistrate Judge James E. Seibert, on September 11, 2017, Respondent Morrisey filed a motion to dismiss him as a party.  ECF No 13.  Also on September 11, 2017, Respondents filed a motion to dismiss the petition as untimely, with 33 exhibits, and a memorandum of law in support thereof.  ECF Nos. 14, 14-1 through 14-33, 15.  On October 3, 2017, Petitioner filed a response in opposition to the motion to dismiss as untimely, with attached exhibits.  ECF Nos. 17, 17-1, 17-2.  The matter is pending before this Court for an initial review and Report and

1

Recommendation pursuant to 28 U.S.C. § 636 and Local Rule of Prisoner Litigation Procedure 2.

## II. Factual and Procedural History

### A. Conviction and Sentence

On January 2, 2007, in the Circuit Court of Morgan County, West Virginia, Petitioner was indicted in case number 07-F-20 and charged in Count 1 with Sexual Assault in the First Degree, a violation of West Virginia Code § 61-8B-3(a)(2), and in Count 2 with Sexual Abuse by a Custodian, a violation of West Virginia Code § 61-8D-5. ECF No. 14-1.  The allegations against Petitioner were that he made his four year old step daughter perform oral sex upon him.

A two day jury trial began November 18, 2008.  By the date of trial the child victim was seven years old and could no longer recall the events.  The testimony of the child's mother was that while she was working on the night of April 6, 2006 through the morning of April 7, 2006, Petitioner was taking care of his stepchildren.  ECF No. 1-4 at 6.  When the child's mother returned the morning of April 7, 2006, her four year old daughter reported that "Tex put his pee pee in my mouth and peed and kept it there until I swallowed."  Id. Later that day, after consultation with her minister, the child's mother took her daughter for a forensic nurse examination.  Id. at 7.  The nurse testified the child told her, "I was asleep on the couch.  Something came out of it and went down my throat.  It had a yucky taste.  I was still asleep while he was doing that.  I remember it.  I still have a yucky taste from it.  I cried this morning because I still had that taste."

Id.  The forensic nurse collected samples from the child's mouth using lip swabs, oral rinse and floss.  Id.

Forensic science and DNA experts from the West Virginia State Police Laboratory testified that various tests were performed on the collected samples.  One of the tests was a presumptive test for seminal fluid which was positive for the lip swabs. ECF No. 1-4 at 8 - 9.  A confirmatory test for seminal fluid was then performed, which "was also positive allowing me to say that seminal fluid was identified in the lip, lip area swabs."  Id. at 9.

Petitioner did not testify but called one expert witness in the areas of psychology and professional counseling.  The expert was disclosed prior to trial, but the defense expert report was disclosed on the day of trial.  The State did not object to the late disclosure.  Id. at 10.  The defense expert attacked the State's expert witness's opinion that the child was sexually abused and not subject to suggestion.  Id. at 12.

Petitioner was found guilty of both counts of the indictment by the jury on November 19, 2008.  ECF No. 14-2.  On May 4, 2009, Petitioner was sentenced by the Circuit Court.  As to Count 2, the Court imposed an indeterminate sentence of not less than 10 nor more than 20 years in the penitentiary. ECF No. 14-14 at 38:20 – 23.  As to Count 1, initially the court imposed a determinate sentence of 50 years, and ordered that the sentences be served consecutively to one another.  Id. at 38:23 – 39:4. Immediately the prosecutor indicated she thought the sentence for Count 1 should be an indeterminate rather than a determinate sentence. Id. at 39:11 – 18.  The Court then reviewed the statute taking a recess to do so.  Id. at 39:23 – 40:5.  Upon returning to the

record, the Court advised, "We went back and took a look at the applicable statute which would have been applicable in 2007, and we're going to go ahead and resentence again. It is an indeterminate." Id. at 40:6 – 9. Thereupon the Court sentenced Petitioner for Count 1 to an indeterminate period of not less than 25 years or more than 100 years to be served consecutively to the sentence in Count 2.

However, none of the participants at sentencing noted that although Petitioner was indicted in 2007, the criminal acts which he was convicted of committing occurred in April 2006. On June 14, 2006, the West Virginia Legislature amended West Virginia Code § 61-8B-3, with an effective date of October 1, 2006, substantially increasing the penalty for the act of sexual assault in the first degree. Accordingly, Petitioner was charged under and should have been sentenced under the 2000 version of the statute, which provided for a penalty of not less than 15 nor more than 35 years imprisonment, not under the amended 2006 version of the statute which provided for a penalty of not less than 25 nor more than 100 years imprisonment.

Throughout these proceedings Petitioner was represented by the same attorney, Paul E. Lane. ECF Nos. 14-3, 14-4, 14-6 through 14-14. The Supreme Court of Appeals of West Virginia summarized Mr. Lane's representation of Petitioner in its decision issued October 8, 2015:

> Prior to trial, Mr. Lane was involved in a motorcycle accident and he suffered a head injury. The West Virginia State Bar suspended his license to practice law and appointed other local attorneys to represent his clients. Christopher Prezioso was appointed to represent the Petitioner. Three months after the accident, upon a showing that he had recovered from his injuries, Mr. Lane's law license was reinstated, and

4

> he was retained by the Petitioner to continue with his representation of the Petitioner at the Petitioner's request.

Tex S. v. Pszczolkowski, 236 W.Va. 245 (2015) (footnotes omitted); ECF No. 30 at 6. The sole hearing where Petitioner was represented by Mr. Prezioso was October 1, 2007. ECF No. 14-5.

### B.   Direct Appeal

On February 24, 2010, Petitioner by new counsel, James T. Kratovil, filed a petition for appeal with the Supreme Court of Appeals of West Virginia in that court's docket number 35540. ECF No. 14-16. On April 14, 2010, the Supreme Court of Appeals granted the petition for appeal as to assignment of error number 1 only. ECF No. 14-18. That assignment of error concerned the unavailability of the child victim who did not remember the events, and the admission of evidence of the child's prior statements through her mother, the forensic nurse who examined the child and the police officer who investigated the case. ECF No. 14-16 at 8 – 12. The parties filed additional briefs on that issue. ECF Nos. 14-20, 14-21. On February 11, 2011, the Supreme Court of Appeals affirmed Petitioner's conviction, finding that "regardless of whether the lower court's determination that the child was 'unavailable' was correct, we determine that the complained-of testimony was properly admitted." ECF No. 14-22 at 4 – 5.

### C.   Appeal of Resentencing

On December 1, 2014, Petitioner filed an appeal with the Supreme Court of Appeals of West Virginia, in that court's docket number 14-0891, on the ground that the Circuit Court erroneously failed to provide him a de novo sentencing hearing. ECF No.

14-23.  On October 8, 2015, the Supreme Court of Appeals held that, "In correcting an illegal sentence under Rule 35(a) of the West Virginia Rules of Criminal Procedure, a trial court has discretion to correct the sentence without holding a de novo resentencing hearing.  Further, under Rule 43(c)(4) of the West Virginia Rules of Criminal Procedure, a defendant need not be present at a Rule 35(a) proceeding to correct a sentence."  *Syllabus Point 2*, State v. Tex B. S., 236 W.Va. 261 (2015); ECF Nos. 1-5, 14-25.

### D.    State Habeas Corpus Petition

On March 12, 2013, Petitioner by new counsel, Kevin D. Mills and Shawn A. McDermott, filed a petition for habeas corpus in Morgan County Circuit Court in case number 13-P-16.  The petition alleged nine grounds of error which Circuit Court Judge Michael D. Lorensen, in his 28-page June 3, 2014 order denying relief but scheduling resentencing, addressed under six topics: 1) ex post facto application of enhanced criminal penalties; 2) defective performance; 3) faulty scientific evidence; 4) scientifically invalid expert testimony; 5) ineffective assistance of appellate counsel; and 6) other allegations of Constitutional error.   ECF No. 1-2 at 4 – 5, 7, 8, 22, 23, 24.  The Order notes that the State "admits error in sentencing under the enhanced penalty. . . Therefore, the [Petitioner] must be resentenced to not less than 15 nor more than 35 years for Count 1, Sexual Assault 1st degree."  ECF No. 1-2 at 7.  The Circuit Court did not hold an evidentiary hearing on the petition for habeas corpus.

The Order denying the petition contained findings of fact and conclusions of law upon all grounds, including the twelve claimed instances of ineffective assistance of counsel.   The Court denied relief as to each of the first eleven instances raised,

however, the twelfth claim related to the enhanced statutory sentence, and relief was granted as to that ground. Id. at 21. The Court scheduled a sentencing hearing to resentence Petitioner for July 8, 2014. Id. at 27.

Circuit Court Judge Christopher C. Wilkes then presided over resentencing in Morgan Count Case number 07-F-20 on July 8, 2014. ECF No. 14-15. At the hearing Petitioner's counsel argued the previously imposed sentence was void and that Petitioner was entitled to a new sentencing hearing. ECF No. 14-15 at 10:2 – 5. The Court denied Petitioner's motion for a new sentencing hearing, and corrected the sentence pursuant to West Virginia Rule of Criminal Procedure 35, imposing the statutory sentence in effect on April 5, 2006, of not less than 15 nor more than 35 years for sexual assault in the first degree. Id. at 15:1 – 16:16.

On August 18, 2014, the Circuit Court entered an order in 13-P-16 which denied Petitioner's motion to reconsider the denial of his petition for habeas corpus. ECF No. 1-3.

### E. State Habeas Corpus Appeal

On December 22, 2014, Petitioner filed an appeal with the Supreme Court of Appeals in docket number 14-0920, challenging the denial of his petition for habeas corpus. ECF No. 14-27. The Supreme Court of Appeals denied relief on October 8, 2015, in Tex S. v. Pszczolkowski, 236 W.Va. 245 (2015). ECF Nos.1-4, 14-30. That decision addressed Petitioner's claims that he was denied an evidentiary hearing and that he received ineffective assistance of counsel in eight areas, finding none of the claims merited relief.

**F. <u>Federal Habeas Corpus Petition</u>**

On January 6, 2017, Petitioner filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.  ECF No. 1.  Petitioner named as respondents Warden Karen Pszczolkowski and West Virginia Attorney General Patrick Morrisey.  <u>Id.</u>  He has not previously sought relief in the federal courts in this matter.

Petitioner, who is in state custody, alleges three grounds for relief in his petition: 1) that the brain injury his trial counsel suffered caused counsel to provide ineffective assistance in violation of his Sixth Amendment rights; 2) that cumulative errors constituted violated his Sixth, Eighth and Fourteenth Amendment rights and rendered his sentence void; and 3) that his Fourteenth Amendment due process rights were violated when the Circuit Court failed to provide him with an evidentiary hearing related to his claim that he was incarcerated based on false scientific evidence.

On September 11, 2017, Respondent Morrisey filed a motion to dismiss him as a party respondent on the ground that the only proper respondent is the Petitioner's custodian.  ECF No. 13.

### III.  Standard of Review

**A.     Review of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4,

Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

  B. **Motions to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

  C. **Petitions for Habeas Corpus Under 28 U.S.C. § 2254**

Title 28 U.S.C. §2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), authorizes a federal district court to entertain a petition for habeas corpus relief from a prisoner in state custody, "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When determining the merits of a § 2254 petition, the district court applies the standards set forth in § 2254(d), which provides that the habeas petition of a person in State custody:

>shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim--
>   **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>   **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2). Moreover, the factual determinations by the state courts are presumed to be correct and are only rebutted upon presentation of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). Therefore, when reviewing a petition for habeas relief, the Federal Court uses a "highly deferential lens" mandated by the AEDPA. DeCastro v. Branker, 642 F.3d 442, 449 (4th Cir. 2011).

A claim is generally considered to have been "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999). The "contrary to" and "unreasonable application clauses of § 2254)(1)(d) have separate and independent meanings. Williams v. Taylor, 529 U.S. 362, 364 (2000). A state court decision warrants habeas relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to the Supreme Court's." Lewis v. Wheeler, 609 F.3d 291, 300 (4th Cir. 2010) (quoting Williams, 529 US at 405) (internal quotations omitted). A writ of habeas corpus may be granted under the "unreasonable application" clause if the state court "identifies the correct governing legal

10

rule from the [Supreme] Court's cases but unreasonably applies it to the facts of the particular case." Id. at 300-01 (internal marks omitted).

Therefore, the AEDPA limits the habeas court's scope of review to the reasonableness, rather than the correctness, of the state court's decision. "[A] federal habeas court may grant relief simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, the application must also be unreasonable." Williams, 529 US at 365.

## IV. Analysis

Petitioner alleges that his Sixth, Eighth and Fourteenth Amendments rights have been violated by the State, thus he presents appropriate habeas corpus grounds for consideration by this Court.  However, he also concedes that "[a]ll the ground presented in this petition have been raised in the Supreme Court of Appeals of West Virginia." ECF No. 1 at 18, ¶ 13.  The issues raised in Ground 1 were addressed and denied in Morgan County Circuit Court case numbers 07-F-20 and 13-P-16, then appealed to the Supreme Court of Appeals which denied relief in docket number 14-0920.  ECF No. 1 at 12.  The issues raised in Ground 2 were addressed in Morgan County Circuit Court case number 13-P-16, then appealed to the Supreme Court of Appeals which denied relief in docket number 14-0891, a published decision at 236 W.Va. 261.  ECF No. 1 at 16.  Finally, the issues raised in Ground 3 were addressed and denied in Morgan County Circuit Court case number 13-P-16, then appealed to the Supreme Court of Appeals which denied relief in docket number 14-0920 in a published decision, at 236

W.Va. 245.   Petitioner seeks: 1) a rule to show cause why his petition should not be granted; 2) discovery and additional investigation related to the forensic evidence used at trial; 3) an evidentiary hearing where evidence may be presented and argument offered; 4) his release from confinement; and 5) any other relief to which he is entitled. ECF No. 1 at 20.

Respondent Morrisey seeks dismissal on the ground that he is not a proper party.  Pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."  It appears beyond doubt that Petitioner can prove no set of facts in support of his claim which would entitle him to relief against the attorney general for the State of West Virginia, as that individual is not properly named as a respondent in a habeas corpus action filed pursuant to 28 U.S.C. § 2254.

Respondent Pszczolkowski seeks dismissal on the ground that the petition is untimely.  "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."   28 U.S.C. § 2244.  Pursuant to 28 U.S.C. § 2244, the limitation period shall run from the latest of four dates, the first of which applies herein: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."   28 U.S.C.A. § 2244(A).  The Supreme Court of Appeals issued its two decisions in Petitioner's case on October 5, 2015.  Petitioner had 90 days from October 5, 2015 to seek a writ of certiorari from the United States Supreme Court, which time

elapsed on January 6, 2016.  One year from that date was January 6, 2017, the date the petition was filed.  Accordingly, the petition was timely filed and Respondent's motion to dismiss as untimely is without merit.

However, Petitioner is not, under the plain language of the statute, entitled to relief under 28 U.S.C. § 2254 which provides that habeas relief to a person in state custody:

> shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings, unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Petitioner's claims have all been previously adjudicated on the merits in state court proceedings, both at the Circuit Court and Supreme Court of Appeals.  Additionally, Petitioner has not articulated any unreasonable application of federal law which occurred in the state proceedings, nor does he allege that the state court's adjudication resulted in a decision based on an unreasonable determination of the facts.  Instead, he broadly claims that his Constitutional rights to counsel and due process and against cruel and unusual punishment were violated in his state court criminal proceeding, which violations of rights persisted during his habeas corpus proceedings in state court.  However, when the Supreme Court of Appeals of West Virginia considered Petitioner's

13

state habeas corpus appeal on the merits,[1] its denial of relief did not include any determination which is opposite on a matter of law to any decision of the Supreme Court.  Petitioner fails to demonstrate that the state court arrived at a conclusion opposite to that reached by the Supreme Court with respect to any of his claims. Accordingly, because the decision of the state court is not contrary to, nor does it involve an unreasonable application of, clearly established federal law as determined by the Supreme Court, Petitioner has not established that he is entitled to relief pursuant to 28 U.S.C. §2254(d)(1).

Because Petitioner concedes that all of his claims have previously been adjudicated on the merits by the Supreme Court of Appeals' published decisions, pursuant to 28 U.S.C.(d)(1), this Court shall not grant a writ of habeas corpus with respect to any of those claims.

## V.  RECOMMENDATION

Based upon a review of the record, this Court recommends that the District Court enter an Order which **GRANTS** Respondent Morrisey's motion to dismiss him as a party [ECF No. 13], **DENIES** Respondent Pszczolkowski's motion to dismiss as untimely [ECF No. 14], and **DENIES WITH PREJUDICE** Petitioner's §2254 Petition for habeas corpus [ECF No. 1], which should thereafter be dismissed from the docket.

---

[1] Even when a state court summarily rejects a claim and does not set forth its reasoning, the federal court reviews the record and clearly established Supreme Court law.  Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000), cert. denied, 534 U.S. 830 (2001).  However, the federal court must still "confine [its] review to whether the court's determination 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Id. at 158 (quoting Bacon v. Lee, 225 F.3d 470, 478 (4th Cir. 2000)).

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections, as provided by rules of court.  A copy of any objections shall also be submitted to the United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Clerk is directed to mail a copy of this Report and Recommendation to counsel of record.

DATED:     April 2, 2018

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE