IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**TEX B. SIMMONS,**

      Petitioner,

v.                                              **CIVIL ACTION NO. 3:17-CV-3**
                                                         **(BAILEY)**

**KAREN PSZCZOLKOWSKI, Warden,**
**Northern Correctional Facility, and**
**PATRICK MORRISEY, Attorney General**
**for the State of West Virginia,**

      Respondents.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert [Doc. 22]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on April 2, 2018, wherein he recommends this Court dismiss the petitioner's § 2254 petition with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140,

1

150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). Petitioner timely filed his Objections [Doc. 23] on April 16, 2018. Accordingly, this Court will review the portions of the R&R to which the petitioner objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## Background

After a two-day trial in November of 2008, the petitioner, Tex Simmons, was convicted on two counts of the Indictment: Count I – Sexual Assault in the First Degree, and Count 2 – Sexual Abuse by a Custodian. The conduct which lead to the guilty verdict included forcing his four year-old step daughter to perform oral sex on him. Petitioner appealed his conviction to the West Virginia Supreme Court of Appeals, which affirmed the same on February 11, 2011. On March 12, 2013, petitioner filed a petition for habeas corpus in Morgan County Circuit Court. That petition was denied, as was the motion for reconsideration. On December 22, 2014, petitioner filed an appeal with the Supreme Court of Appeals, which the Court denied on October 8, 2015. The Petitioner now brings the instant federal petition pursuant to 28 U.S.C. § 2254.

## Applicable Law

When a petitioner challenges the factual determination made by a state court, "federal habeas relief is available only if the state court's decision to deny post-conviction

2

relief was 'based on an unreasonable determination of the facts.'" 28 U.S.C. § 2254(d)(2). "In reviewing a state court's ruling on post-conviction relief, we are mindful that 'a determination on a factual issue made by a State court shall be presumed correct,' and the burden is on the petitioner to rebut this presumption 'by clear and convincing evidence.'" **Tucker v. Ozmint**, 350 F.3d 433, 439 (4th Cir. 2003).

Habeas corpus relief is not warranted, however, unless the constitutional trial error had a "substantial and injurious effect or influence in determining the jury's verdict." **Brecht v. Abrahamson**, 507 U.S. 619, 637 (1993); **Richmond v. Polk**, 375 F.3d 309 (4th Cir. 2004). "Under this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" **Brecht**, *supra*.

A state court decision "involves an unreasonable application of [] clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1), if the state court decision "identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." **Williams v. Taylor**, 529 U.S. 362, 412 (2000). An objectively "unreasonable application of federal law is different from an incorrect or erroneous application of federal law." *Id*. Thus, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable" for habeas relief to be granted. *Id*. at 411.

3

## Discussion

"In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

The plain language of the statute provides that a petitioner may rebut the presumption of correctness of the state court's factual findings. One way this may arguably be accomplished is by demonstrating that the state proceedings were procedurally flawed. However, "[t]he question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." **Kyles v. Whitley**, 514 U.S. 419, 435 (1995). The Court emphasized that this is not a sufficiency issue, but rather an issue of whether all of the "favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Id.* at 435. As the Report and Recommendation sets forth in detail, the record reveals that Simmons cannot meet this standard.

The petitioner alleges three grounds for relief in his petition: (1) that the brain injury his trial counsel suffered caused counsel to provide ineffective assistance in violation of his Sixth Amendment rights; (2) that cumulative errors constituted violations of his Sixth, Eighth, and Fourteenth Amendment rights and rendered his sentence void; and (3) that his Fourteenth Amendment due process rights were violated when the Circuit Court failed to

provide him with an evidentiary hearing related to his claim that he was incarcerated based on false scientific evidence.

In his R&R, the magistrate judge succinctly found as follows:

Petitioner's claims have all been previously adjudicated on the merits in state court proceedings, both at the Circuit Court and Supreme Court of Appeals. Additionally, Petitioner has not articulated any unreasonable application of federal law which occurred in the state proceedings, nor does he allege that the state court's adjudication resulted in a decision based on an unreasonable determination of the facts. Instead, he broadly claims that his Constitutional rights to counsel and due process and against cruel and unusual punishment were violated in his state court criminal proceeding, which violations of rights persisted during his habeas corpus proceedings in state court. However, when the Supreme Court of Appeals of West Virginia considered Petitioner's state habeas corpus appeal on the merits, its denial of relief did not include any determination which is opposite on a matter of law to any decision of the Supreme Court. Petitioner fails to demonstrate that the state court arrived at a conclusion opposite to that reached by the Supreme Court with respect to any of his claims. Accordingly, because the decision of the state court is not contrary to, nor does it involve an unreasonable application of, clearly established federal law as determined by the Supreme Court, Petitioner has not established that he is entitled to relief pursuant to 28 U.S.C. § 2254(d)(1).

> Because Petitioner concedes that all of his claims have previously been adjudicated on the merits by the Supreme Court of Appeals' published decisions, pursuant to 28 U.S.C.(d)(1) (*sic*), this Court shall not grant a writ of habeas corpus with respect to any of those claims.

[Doc. 22 at 13-14](footnote omitted).

The totality of the petitioner's Objections [Doc. 23] relate to this portion of the R&R. Petitioner's arguments have not changed, however. They have simply been recast under the guise of a ***Strickland v. Washington*** ineffective assistance of counsel claim. 466 U.S. 668. The analysis, however, also does not meaningfully change. The petitioner would like to focus the attention on the first prong of ***Strickland*** in an attempt to convince this Court to reverse based on trial counsel's alleged deficient performance.

However, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." ***Strickland v. Washington***, 466 U.S. at 697.

Reviewing the record, this Court, as did the several other courts, finds the trial evidence presents a clear picture of guilt beyond a reasonable doubt, and even had counsel performed in the manner the petitioner believes he should have, this Court nevertheless finds that there is no reasonable likelihood that the jury would have acquitted the petitioner. Accordingly, no prejudice has occurred, and the petitioner's objection [Doc.

23] is **OVERRULED**.

## Conclusion

Therefore, upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 22]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. The petitioner's Objections **[Doc. 23]** are **OVERRULED**. Respondent Morrisey's[1] Motion to Dismiss him as a party **[Doc. 13]** is **GRANTED**. Respondent Pszczolkowski's Motion to Dismiss as untimely[2] **[Doc. 14]** is **DENIED**. Accordingly, this Court **ORDERS** that the petitioner's § 2254 petition **[Doc. 1]** be **DENIED** and **DISMISSED WITH PREJUDICE**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondents and to **STRIKE** this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that Mr. Simmons has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

---

[1] As noted in the R&R pursuant to Rule 2(a) of the Rules Governing Section 2254 cases, the petitioner can prove no set of facts in support of his claim which would entitle him to relief against the attorney general for the State of West Virginia as he is not a properly named respondent.

[2] As noted in the R&R, the petition was timely filed against respondent Pszczolkowski; however, as noted elsewhere in the opinion, petitioner is not otherwise entitled to any relief under 28 U.S.C. § 2254.

**DATED:** May 23, 2018.

/s/ John Preston Bailey
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE